HARMON G. LAYTON, APPELLEE, v. SARPY COUNTY, APPELLANT.

FILED MARCH 5, 1909.    No. 15,571.

Counties: DEFECTIVE BRIDGES: DAMAGES. Where a steam traction engine is injured by reason of defects in a bridge upon the public highway for which a county is liable in an action to recover therefor, plaintiff can prove the costs of repairs; the amount of recovery being only the actual cost value of such necessary repairs.

APPEAL from the district court for Sarpy county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*Ernest R. Ringo,* for appellant.

*H. Z. Wedgwood, contra.*

REESE, C. J.

This is an appeal from the judgment of the district court for Sarpy county. Plaintiff was the owner of a traction engine, which was being driven by him along a public road in that county. In doing so, he had occasion to cross a bridge over one of the streams in the county, when the bridge broke down, and the engine was precipitated into the bed of the stream some ten or eleven feet below, and injured by having some of its parts broken. The suit is for damage to the engine. The trial jury returned a verdict in favor of plaintiff, upon which judgment was rendered, and from which the county appeals. There is no contention that any of the instructions given to the jury were erroneous, or that the case was not fairly submitted to the jury in that regard.

The only contention is that there was no competent evidence as to the amount of damages, and that the court erred in permitting evidence as to what it cost to make the repairs necessary for the restoration of the engine to its original condition. The right of action is based upon

the provisions of section 6197, Ann. St. 1907, which renders counties liable for damages to the owners of property injured by reason of defects in highways and bridges within the county in which the highway or bridge is located. Upon the trial of the case the plaintiff, over the objections of defendant, was permitted to prove the cost or expense of restoring the injured parts of the engine to their original condition so as to make it serviceable, substantially as before the accident, rather than by showing the extent of the diminution in value of the property injured. It is to be conceded that the method of proof of damages contended for by defendant would ordinarily be competent. But the question arises: Is that method of proof exclusive? In case the property is destroyed, or so nearly, so as to render its repair, to the extent of restoring it to the use to which it was originally designed, impossible, or even unreasonable, we apprehend the rule contended for would have to be applied. This rule, however, may not be the exclusive or even the proper one under some circumstances. In *McClure v. City of Broken Bow,* 81 Neb. 384, where a mill property was damaged, it was held that proof of the fair and reasonable cost and expense, if any, of restoring the property to the same condition as it was before the injury was permissible. The same rule was announced in the case of injury to personal property caused by a collision between two vehicles, in *Travis v. Pierson,* 43 Ill. App. 579. In *Berry v. Campbell,* 118 Ill. App. 646, it was held that an instruction giving the rule here contended for by defendant was erroneous, although harmless in that case, and that the correct measure of damages in cases of this kind is the reasonable cost of making the repairs. This was held to be the correct rule in *Overpeck v. City of Rapid City,* 14 S. Dak. 507, and a number of cases are cited in the opinion sustaining the decision.

There was no error in the ruling of the district court, and its judgment is

AFFIRMED.