JOHN W. KERNS v. THE CITY OF KANSAS CITY.

No. 15,679. (100 Pac. 624.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Overflow of Property Caused by the Negligence of Another.* The measure of damages to a residence property which has been overflowed through the negligence of another is (1) the difference in the value of the property immediately before and imediately after the overflow, no allowance to be made for the possible or probable recurrence of the overflow; or, (2) if the injury to a building can be made good by repairs, then the reasonable cost of necessary repairs, with the loss of rent incident thereto added; or, (3) if reasonable repairs have been made but the building has not been, or can not be, restored thereby to its former value, then the measure of damages may be the difference between the value thereof immediately before the overflow and after the repairs are made, with the reasonable cost of repairs and incidental loss of rent added.

2. ——— *Evidence.* In an action to recover damages the plaintiff is entitled to prove his loss under any proper theory as to the measure thereof.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed March 6, 1909. Reversed.

*J. W. Dana,* and *George R. Allen,* for plaintiff in error.

*H. L. Alden,* and *Ralph Nelson,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The plaintiff in error brought an action against the city of Kansas City, Kan., to recover damages from the city for constructing and maintaining a grade and culvert across a street and across Jersey creek in such city. It is alleged that Jersey creek is a natural watercourse, and that the culvert is inadequate to discharge the water flowing down the creek in times

of heavy rains; that in May, 1905, during an ordinarily heavy rain, the water flowing down the creek was, by reason of the embankment and inadequate culvert, dammed up and caused to overflow two residence properties near the bank of the stream owned by the plaintiff. By reason of the facts pleaded the plaintiff asked judgment for $260 for specific damages to his two properties, caused by the flooding thereof during the rain, and further damages in the sum of $800 for depreciation in the value of his properties. On the trial the plaintiff recovered a verdict and judgment for $50, and, his motion for a new trial being denied, he brings the case here.

The verdict and judgment necessarily imply a finding by the jury, approved by the court, that the culvert in question was negligently and improperly constructed and maintained by the city, and that the plaintiff's property was flooded and damaged through such negligence. The plaintiff's two dwelling-houses, with the out-buildings, board walks, etc., were injured, but were not destroyed.

There are two well-known rules for determining his actual loss or actual damage: (1) The difference in the value of the property immediately before and immediately after the injury; (2) the reasonable cost of putting the property in as good condition as it was before the injury, together with the loss of rent, if any, during the necessary time consumed in making the repairs. These two methods of procedure should generally lead to the same result, if, as there should not be, no depreciation in value is allowed for the probable or possible recurrence of the overflow. It is not to be presumed that the city will continue to maintain an insufficient culvert, or, if it does and the overflow recurs, that the plaintiff would be without a remedy.

If the plaintiff has in part repaired the injury, the reasonable cost of such repairs, with the additional sum necessary to complete the same, or the difference

in the value before the overflow and the value after the partial repairs are made, together with the amount expended for repairs, should constitute the amount of his damage. The plaintiff had the option of proving the amount of his damages on either of these theories. On the trial he failed to produce evidence of the cost of repairing as to some of the specific items of damages alleged, for the reason that the witnesses offered were not qualified to testify thereto. He then produced as a witness a real-estate dealer, and asked him questions the answers to which might have shown that the witness was qualified to testify that he knew the value of the property before and after the overflow, and what such values were. To all these questions to this witness the court sustained objections. In this the court erred, and for this reason the judgment is reversed and the case is remanded.