(April 11, 1913.)

## HENRY McGUIRE, Respondent, v. POST FALLS LUMBER AND MANUFACTURING COMPANY, a Corporation, Appellant.

[131 Pac. 654.]

DAMAGES—SUFFICIENCY OF EVIDENCE—INJURY TO PERSONAL PROPERTY—MEASURE OF DAMAGES—PROOF OF DAMAGES.

1. One who engages in floating logs and lumber down a stream must exercise reasonable care in order to avoid injury to the property of others. The fact that the stream is navigable does not give one the right to dump logs and timber into the stream and allow the same to go unattended and without being cared for, and form jams and dams in the stream and divert the current of the stream on to the property of other persons, and thereby injure and damage the same.

2. Evidence in this case examined, and *held* sufficient to go to the jury to establish the charge of negligence.

3. In an action for damages on account of injuries to property, witnesses should not ordinarily be allowed to testify to the gross amount of tho damage sustained without first detailing the injuries to the property and the damage to each part, piece or parcel or the value of the same at the time of the injury or destruction. The witnesses should be required to give to the jury the detailed items and incidents of damage so as to enable the jury to make their own calculation and form their own conclusions as to the aggregate damage sustained.

4. In actions for damage to personal property, the measure of damage should be the value of the property at the time of its destruction where the property has been totally destroyed or so badly injured or impaired as to render it valueless for the use to which it was originally designed and appropriated. Where, however, the property is merely damaged and is capable of being repaired, the measure of damage should be the cost of repair together with the value of the use of the property during the time it would take to make the repairs.

5. Evidence in this case as to the amount of damage sustained examined, and *held* that it is insufficient to support a verdict and judgment in the amount rendered in this case.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action for damages on account of injuries to and destruction of personal property.   Judgment for plaintiff.   Defendant appealed.   *Modified.*

E. N. La Veine and W. F. Morrison, Jr., for Appellant.

Pritchard creek was a navigable stream for the floating of logs.   Defendant had a perfect right to drive said stream, exercising due care in the floating of logs in said stream. (*Idaho Northern R. Co. v. Post Falls Lbr. Co.,* 20 Ida. 705, 119 Pac. 1098.)

"Where the verdict is manifestly against the overwhelming weight of the evidence, so as to suggest that it was rendered through bias, prejudice or passion and that injustice has been done thereby, the verdict must be set aside." (*Houghton v. Loma Prieta L. Co.,* 152 Cal. 574, 93 Pac. 377; *Aultman-Miller & Co. v. Scheele,* 34 Neb. 819, 52 N. W. 817; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635.)

Unless the cost of restoration exceeds the value of the thing injured, it becomes the measure of damages; otherwise the value of the thing injured becomes such measure of damages. (*Hartshorn v. Chaddock,* 135 N. Y. 116, 31 N. E. 997, 17 L. R. A. 426; *Lentz v. Carnegie,* 145 Pa. 613, 27 Am. St. 717, 23 Atl. 219; *Barstow Irr. Co. v. Cleghon* (Tex. Civ. App.), 93 S. W. 1023.)

"It is only in exceptional cases, if at all, that a witness is permitted to testify to the gross amount of damages sustained.   That question is ordinarily for the jury." (*Berg v. Humptulips Boom & River Improvement Co.,* 38 Wash. 342, 80 Pac. 528.)

"While the witness might, after stating that he had been damaged and after giving the particular items, have been permitted to state the sum total, the statement by him of his conclusion in a lump sum furnished no basis for calculation by the jury.   A verdict based upon such evidence is based upon the conclusion of the witness, and not that of the jury." (13 Cyc. 211; *Dougherty v. Stewart,* 43 Iowa, 648; *Smith v. Eubanks & Hill,* 72 Ga. 280; *Baltimore R. Co. v. Sattler,* 102

Md. 595, 62 Atl. 1125, 64 Atl. 507; *T. C. Power Co.' v. Turner,* 37 Mont. 521, 97 Pac. 950–957.)

Witnesses must state facts, and are not permitted to give their opinions founded on such facts; nor can they give inferences or deductions drawn from them.   (3 Elliott on Ev., sec. 2006; *Norman v. Wells,* 17 Wend. (N. Y.) 136.)

A. G. Kerns, for Respondent.

The opinion of witnesses may be taken directly on the question of damages for the purpose of aiding the jury in reaching the proper amount, leaving it for cross-examination to develop the basis of any opinion given by the witness.   (3 Elliott on Ev., sec. 2007.)

In the case of *Boise Valley Const. Co. v. Kroeger,* 17 Ida. 384, 105 Pac. 1070, this court adopted a rule of damages to which the proofs of respondent conform.   (*Lee v. Boise Development Co.,* 21 Ida. 461, 122 Pac. 851.)

Where one undertakes to utilize such a stream for the floating of logs, he must do so, having due regard for the interests and property rights of others along such stream, and must exercise care proportionate to the natural conditions of the stream, and dangers and difficulties of the undertaking, and the liability of inflicting injury upon others.   (*Idaho Northern R. R. Co. v. Post Falls etc. Co.,* 20 Ida. 695, 119 Pac. 1098.)

AILSHIE, C. J.—Respondent obtained a judgment in the lower court for $2,250, as damages sustained on account of appellant allowing logs that it was floating down Pritchard creek in Shoshone county to pile up and cause a jam and dam the stream, and thereby wash out and destroy respondent's ditch and flume and sawmill. Respondent's mill is situated near Pritchard creek, and he had a ditch about 1,800 ft. long taking water from Pritchard creek 'and dropping it into the pond near his mill. From the pond the water was carried by means of a flume a distance of 560 ft. to respondent's mill. During the high-water period of 1910 appellant

company commenced floating a large quantity of logs it had banked along Eagle and Pritchard creeks, and it seems that many of these logs piled up and formed a jam in the channel opposite respondent's property and diverted the main stream on to his property, filling up the ditch and washing away the flume and damaging his property generally.

The damage here claimed is the result of the same flood and log-drive set out and involved in *Idaho Northern R. R. Co. v. Post Falls Lumber Co.*, 20 Ida. 695, 119 Pac. 1098, and the "McGuire's Mill-race" referred to in the opinion in that case is a part of the same property involved in the present case.

The evidence was submitted to the jury, and they were thereafter taken to the place and allowed to inspect the stream and the premises where the damage is alleged to have been committed.

The chief contention made is that the evidence is insufficient to support the verdict and judgment. It is contended that the evidence shows that the *Idaho Northern R. R. Co.* was responsible for the injury, and that appellant was not responsible, and that it had used such care and diligence in floating logs down the stream as the law devolves upon one using a navigable stream as indicated by this court in *Idaho Northern R. R. Co. v. Post Falls Lbr. Co., supra.* The railroad company was not a party to this action, and whatever negligence may be attributable to the railroad company, we are satisfied that there has been enough shown in this case to hold appellant for negligence in allowing the logs to form jams and dam up the stream and turn the current on respondent's property, and thereby injure and destroy the same.

What was said by this court in *Idaho Northern R. R. Co. v. Post Falls Lbr. Co., supra,* with reference to the responsibility of one floating logs and lumber down a stream is equally applicable in the case at bar. In that case the writer of this opinion, speaking for the court, said: "The person who undertakes to float logs and lumber down a stream must exercise reasonable care in order to avoid injury to the property

of others. The fact that a stream is navigable does not give anyone a right to dump logs and timber into the stream and allow the same to go unattended and without being cared for, and as a consequence to form dams and divert the current of water to the injury and damage of others. . . . . The party who is attempting to navigate such a stream must exercise care proportionate to the dangers and difficulties of the undertaking and the liability of inflicting injury upon others."

Appellant contends that it had a sufficient number of log-drivers along the stream to properly take care of the logs and that it exercised reasonable care and precaution in attempting to navigate the stream and protect the property of others. These were all proper questions to go to the jury, and the jury have found against appellant on the question of negligence and due care and precaution.

The next question presented is a more serious one. It is contended that the verdict is excessive, and that it affords evidence on its face that it was the result of passion and prejudice against the appellant. The evidence as to the amount and character of the damage sustained is unsatisfactory, and was of such a nature as to leave it in a large measure to speculation and guesswork by the jury as to the amount that should be awarded. It seems that the flume was constructed and the mill built about nine years previous to this occurrence, and the material was necessarily old, and much of it must have been in a badly worn and deteriorated condition. There was really no evidence as to the value of the property at the time of the injury. It is not clear from the evidence as to how much of the flume of 560 ft. was actually washed away or destroyed; neither does it appear to what extent the engine, boiler and machinery in the mill were damaged. It does appear, however, that they were not totally destroyed or rendered worthless. Notwithstanding this fact, there is no evidence to show the extent of injury or damage to any particular piece of property or the expense of repairing the same, or the expense that would be incurred in replacing or

repairing the flume. All the evidence there is on the question of the amount of damage is simply the statement of the opinion of witnesses as to the total damage incurred. The respondent testified that the property had cost about $2,000 when put in. Another witness said that the property could not be duplicated for less than three thousand, but when he was urged to particularize and specify the different articles and value he said he could not do so. He was not very familiar with the property. Objection was made to the class of evidence that was introduced, on the ground that it was the mere opinion and guess of a witness rather than any statement of fact, and error is assigned on the action of the court in admitting evidence of that character. The inquiry as to the amount of damage a person has sustained by reason of wrongful acts is ordinarily difficult at best, and attended with more or less uncertainty and speculation. Juries at the best are bound to base their verdicts in some measure upon the opinions and speculation of witnesses. For these reasons, courts ought to compel parties claiming damages to specify and particularize as much as possible both as to the class and nature of the property injured or destroyed and the value of each piece or parcel of property. Damages should be awarded for the purpose of compensating a person who has been injured and not for profit or speculation.

As said by the supreme court of Washington in *Berg v. Humptulips Boom & River Improvement Co.,* 38 Wash. 342, 80 Pac. 528, ''It is only in exceptional cases, if at all, that a witness is permitted to testify to the gross amount of damages sustained. That question is ordinarily for the jury.''

In *T. C. Power & Bro. Co. v. Turner,* 37 Mont. 521, 97 Pac. 950, the supreme court of Montana said: ''While the witness might, after stating that he had been damaged and after giving the particular items, have been permitted to state the sum total, the statement by him of his conclusion as to the lump sum furnished no basis for calculation by the jury. A verdict based upon such evidence is based upon the conclusion of the witness, and not that of the jury.''

Considerable has also been said in this case touching the measure of damages to be adopted in such cases. We see no reason why the rule applicable in cases of damage to real estate should not apply in cases of personal property or fixtures. Where the property is totally destroyed or so badly injured and impaired as to render it valueless for the use to which it was originally designed and appropriated, the measure of damages should be the value of the property at the time of its destruction. Where, however, the property is merely damaged and is capable of being repaired, the measure of damage should be the cost of repair together with the value of the use of the property during the time that it would take to repair it. This is substantially the rule adopted by this court in *Boise Valley Const. Co. v. Kroeger,* 17 Ida. 384, 105 Pac. 1070, and *Young v. Extension Ditch Co.,* 13 Ida. 174, 89 Pac. 296. For cases dealing with the subject in reference to personal property, see *Layton v. Sarpy County,* 83 Neb. 628, 120 N. W. 179; *McClure v. City of Broken Bow,* 81 Neb. 384, 115 N. W. 1081; *Western Maryland R. R. Co. v. Martin,* 110 Md. 554, 73 Atl. 267; 13 Cyc. 148.

In the light of all the evidence in this case as to the amount of damage sustained and the ruling of the court on the admission of evidence, we are thoroughly satisfied that the verdict in this case is excessive. The evidence is such as to render it practically impossible for us to determine with any reasonable certainty the damage which the respondent has suffered. We have concluded, therefore, to render an alternative judgment in the case. A new trial will be granted for the purpose of determining the amount of damage sustained, subject, however, to the following proviso: If the respondent is willing to remit the excess over and above $1,500 and costs and within thirty days after the date of this decision will file a waiver of the excess over and above $1,500 and costs, the judgment will be affirmed to that extent. If, on the other hand, he prefers to try the case anew on the question of damages, subject to the rules of evidence with reference to proof of damages as herein considered and discussed, a new trial will be granted. Costs of this appeal will be awarded in

favor of respondent, provided he accepts the modified judgment. If a new trial is had, costs of this appeal will be equally divided between the parties.

Sullivan and Stewart, JJ., concur.

Petition for rehearing denied.