Molina, Demandante y Apelado, *v.* Porto Rican Lloyd's, Demandada y Apelante.

</div>

Apelación procedente de la Corte de Distrito de San Juan, Segundo Distrito, en pleito sobre cumplimiento de contrato y daños y perjuicios.

<div align="center">

No. 2651.—Resuelto en julio 28, 1922.

</div>

Seguro de Automóvil contra Reclamación Judicial por Colisión—Embargo.— Una póliza de seguro sobre un automóvil, que cubre al asegurado contra cualquier acción judicial por parte de personas cuyas propiedades hayan sufrido a consecuencia de un choque con el carro asegurado, obliga a la compañía aseguradora a levantar el embargo trabado sobre dicho automóvil para asegurar la efectividad de la sentencia que pudiera dictarse en un pleito establecido por dichas personas en reclamación de daños y perjuicios, o a tomar cualquiera otra medida que deje al automóvil a la libre disposición de su dueño.

Daños y Perjuicios—Indemnización por Incumplimiento de Contrato.—La indemnización de daños y perjuicios por incumplimiento de un contrato de duración continuada debe limitarse a los perjuicios ocasionados hasta la fecha de la presentación de la demanda, sin perjuicio del derecho que tenga el reclamante a entablar una nueva acción por los daños sufridos después de esa fecha. *Sucesores de Oliva y Co.* v. *J. Matienzo y Cía.,* 13 D. P. R. 293.

Id.—Seguro de Automóvil contra Colisión—Reparación Adecuada del Automóvil.—Una compañía aseguradora que en la póliza garantiza al asegurado ''una reparación adecuada'' del automóvil objeto del seguro en casos de colisión, está obligada a sustituir por piezas nuevas las piezas rotas o de tal manera averiadas que fuera imposible volverlas a su condición primitiva.

Id.—Cuando un automóvil asegurado contra colisión sufre daños a causa de un choque y la compañía aseguradora cumple fiel y rápidamente sus deberes en cuanto a la reparación, generalmente no existen daños y perjuicios por el no uso del auto durante el período de la reparación. Pero cuando la compañía dilata el cumplimiento de su deber, cuando la reparación no es adecuada o cuando por otras causas a ella imputables impide que el dueño derive el beneficio positivo que estaba derivando del uso de su carro, claro es que proceden los daños y perjuicios por la ganancia dejada de obtener.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Janer.*

Abogado del apelado: *Sr. M. Benítez Flores.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

El demandante, dueño del automóvil ''Buick,'' motor No. 528,108, valorado en mil seiscientos dólares, lo aseguró en la compañía demandada.

La compañía se obligó:

''Daños a Propiedad Ajena: Este riesgo cubre el asegurado, contra cualquier acción judicial por parte de persona o personas cuyas propiedades hayan sufrido a consecuencias de un choque con el carro asegurado * * *. (Colisión): Bajo este riesgo queda el asegurado cubierto de acuerdo con la franquicia indicada arriba, contra pérdidas o daños que pueda sufrir el carro asegurado a consecuencia de un choque con otro carro u objeto. Teniendo derecho el asegurado a una reparación adecuada al carro asegurado, y cuyo costo no exceda de la suma asegurada.''

Vigente el seguro, el auto asegurado chocó con otro y sufrió desperfectos. La demandada envió el auto a un taller y allí fué reparado. El dueño del carro con el cual chocó el del demandante entabló una acción judicial en reclamación de daños y perjuicios sufridos a consecuencia del choque y para asegurar la efectividad de la sentencia que pudiera dictarse embargó el auto del demandante. Este pidió a la de-

mandada que lo librara del embargo. La demandada no accedió. Y basándose el demandante en que la demandada estaba obligada a protegerlo del embargo y al no hacerlo así le ocasionó perjuicios, y en que la reparación hecha al carro no era adecuada inició este pleito cuya súplica es como sigue:

"Por lo que a la Hon. Corte suplica dicte una sentencia declarando con lugar esta demanda y condenando a la compañía demandada al cumplimiento del contrato de seguro entregándole su carro, el referido automóvil 'Buick,' perfectamente arreglado y libre de todo gravamen, o en su consecuencia indemnizarle las sumas de doscientos dollars para las reparaciones necesarias y cuatrocientos dólares por depreciación de su valor en el mercado y pagándole además por vía de indemnización de daños y perjuicios la expresada suma de quince dólares diarios a partir de. la fecha del accidente hasta que se dicte sentencia con más las costas, gastos, intereses y honorarios de abogados."

La parte demandada insistió en que su contrato no le obligaba a levantar el embargo y en que la reparación que hizo era adecuada. Y así fué el pleito a juicio resolviéndolo la corte en favor del demandante. Es conveniente transcribir en su totalidad la opinión de la corte. Es como sigue:

"En este caso el demandante reclama el cumplimiento de un contrato y a la vez indemnización por daños sufridos a virtud de incumplimiento del mismo contrato, por parte de los demandados. Se trata de una póliza de seguros de automóviles. A virtud de ella, el demandado viene obligado a proteger al asegurado, aquí demandante, contra pérdidas o daños que pueda sufrir el automóvil asegurado a consecuencia de un choque con otro carro u objeto, teniendo derecho el asegurado a una reparación adecuada al carro asegurado.

"Alega el demandante que esta condición de la póliza no ha sido cumplida, por cuanto el automóvil del demandante que sufrió un choque con otro, no ha sido adecuadamente reparado. Sobre este punto, creemos que la reparación hecha por cuenta de la demandada al carro del demandante no es una reparación adecuada, pues según declaración de los expertos mecánicos prestada en el juicio, no todas las piezas averiadas fueron sustituídas por otras nuevas; por el contrario, una de ellas, de mayor importancia, fué remendada en

forma tal, que si bien permite el uso del automóvil, éste ha sido depreciado. Entendemos que la frase 'reparación adecuada' usada en la póliza de seguro, implica una sustitución de piezas averiadas por piezas nuevas, y no un remiendo de las piezas averiadas.

"Por otra parte, el demandante alega que el contrato ha sido incumplido por la demandada, toda vez que no le ha protegido, de acuerdo con la póliza, contra un embargo decretado en un pleito promovido por el dueño del otro automóvil, a consecuencia del mismo choque. Se demostró en el juicio que el automóvil del demandante fué embargado por orden de la Corte de Distrito de San Juan, Sección Primera, y que a virtud de tal embargo el demandante ha sido privado del uso del auto, viéndose precisado a alquilar otros frecuentemente para realizar sus negocios habituales.

"Una de las condiciones de la póliza que constituye el contrato entre las partes, dice así: 'Este riesgo *cubre* al asegurado *contra cualquier acción judicial* por parte de persona o personas cuyas propiedades hayan sufrido a consecuencia de un choque con el carro asegurado. En este caso, a instancias, de don Adolfo Mesorana, persona cuyo automóvil sufrió averías a consecuencia del choque con el del demandante Molina, se decretó el embargo, y en cumplimiento de la orden de embargo se privó al demandante del uso de su automóvil, sin que la demandada Porto Rico Lloyd's le haya protegido tratando de levantar el embargo, y permitiéndole así el libre uso de su carro.

"Entendemos que los términos en que está concebida la condición preinserta de la póliza, son tan claros, que no dejan lugar a dudas. El embargo es un procedimiento judicial civil, y está comprendido en las frases 'contra cualquier acción judicial' contenida en la póliza. La compañía aseguradora está en el deber de proteger al dueño del carro asegurado contra un embargo, ya prestando la fianza requerida para levantarlo, o por cualquier otro procedimiento legal que surta el mismo efecto. Se ha negado a ello. Creemos, por tanto, justo que indemnice al demandante de los daños sufridos por no haber cumplido la compañía aseguradora esa condición del contrato. La suma de $400 es una suma razonable para indemnizarle por ese perjuicio."

La parte dispositiva de la sentencia apelada, dice:

" * * * la corte dicta sentencia declarando con lugar la demanda y en su consecuencia ordena a la demandada Porto Rico

Lloyd's o a sus agentes Sobrinos de Ezquiaga:—*Primero*: que haga por su cuenta una reparación adecuada al automóvil asegurado, sustituyendo las piezas averiadas por piezas nuevas.—*Segundo*: que pague al demandante en concepto de indemnización de daños y perjuicios, la suma de cuatrocientos dollars ($400).—*Tercero*: que practique las diligencias necesarias para levantar el embargo trabado sobre el automóvil del demandante, a que se refiere este pleito, de modo que le sea entregado libre de todo gravamen; debiendo la demandada pagar al demandante cinco dólares ($5) por cada día que transcurra desde la fecha de esta sentencia, sin poner el automóvil a la libre disposición de dicho demandante.—*Cuarto*: que la demandada pague las costas y honorarios del abogado del demandante en este caso.''

La primera cuestión que debe estudiarse es la relativa al embargo. Sostiene la apelante que ella estaba por su contrato comprometida a satisfacer la sentencia que pudiera dictarse en contra del demandante pero nada tenía que ver con el embargo. No tiene razón a nuestro juicio la apelante. El embargo es un incidente de la acción judicial entablada contra el demandante y si la demandada prometió cubrir al demandante contra cualquier acción judicial, claro es que la protección debe extenderse al incidente. Si a la demandada correspondía satisfacer la sentencia, correspondía también a ella, y no al demandante, garantizar el pago de la misma.

La primera parte del tercer pronunciamiento de la sentencia, es correcta. ¿Lo es la segunda o sea la que manda pagar cinco dólares por cada día que transcurra desde la fecha de la sentencia, sin poner el automóvil a la libre disposición del demandante? A nuestro juicio se impone una respuesta negativa y para fundarla basta invocar el caso de *Sucesores de Oliva y Cía.* v. *J. Matienzo y Cía.*, 13 D. P. R. 293. Transcribimos del resumen lo que sigue:

''Al estimar los daños y perjuicios ocasionados por el incumplimiento de un contrato de duración continuada, como para la entrega de cierta cantidad de leche diaria, el tribunal no debe apreciar los daños y perjuicios que puedan ocasionarse en lo futuro, es decir,

entre el día en que se presentara la demanda y aquél en que se haya fijado como vencimiento del contrato, pues no es posible afirmar que el incumplimiento haya de subsistir, o que no pueda ocurrir algún accidente inevitable suficiente a excusar la falta de cumplimiento; la indemnización debe, pues limitarse a los perjuicios ocasionados hasta la fecha de la presentación de la demanda.

"De acuerdo con la doctrina expuesta en el párrafo anterior, el demandante tiene derecho a entablar una nueva acción por los daños que puedan habérsele ocasionado después de la fecha de la presentación de la demanda."

2. Veamos ahora el primer pronunciamiento de la sentencia, o sea si se hizo o no una reparación adecuada. No estamos conformes con el criterio absoluto expresado por el juez sentenciador en su opinión en el sentido de que sea siempre necesario sustituir por piezas nuevas las averiadas. Si en vez de decir averiadas hubiera dicho rotas, o averiadas de tal modo que fuera imposible volverlas a su condición primitiva, sería distinto. Y en realidad de verdad lo último es lo que demuestra la prueba que ocurrió en este caso. De ahí que no constituya error perjudicial el indicado. No ya la prueba del demandante, sino la propia prueba de la demandada demostró que, por lo menos en cuanto al *chassis*, la reparación no fué adecuada.

Reparar, según la misma jurisprudencia citada por la apelante, significa restaurar a su condición primitiva, y un *chassis* roto, partido, no queda reparado adecuadamente, esto es, restaurado a su condición primitiva, haciéndole un refuerzo interior con remaches como se hizo en este caso.

3. Examinemos el segundo pronunciamiento. En casos de esta naturaleza cuando la compañía aseguradora cumple fiel y rápidamente sus deberes en cuanto a la reparación, generalmente no existen daños y perjuicios por el no uso del auto durante el período de la reparación. Pero cuando la compañía dilata el cumplimiento de su deber, cuando la reparación no es adecuada, cuando por otras causas a ella imputables impide que el dueño derive el beneficio positivo

que estaba derivando del uso de su carro, claro es que proceden los daños y perjuicios. La corte de distrito apreció aquí esos daños en cuatrocientos dólares. Hemos revisado la prueba y sólo encontramos base para ciento diez y seis dólares.

4. El cuarto pronunciamiento o sea el relativo a las costas, debe confirmarse.

*Confirmada en parte y en parte revocada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.