Arsenio Martínez, demandante y apelado, *v.* Independence Indemnity Co., demandada y apelante.

No. 4140.—*Visto:* Marzo 30, 1927. *Resuelto:* Mayo 31, 1927.

1. Apelación y Error—Efecto de Elevar la Causa o Procedimiento para Ello —Facultades de y Procedimientos en la Corte Inferior—Dejar sin Efecto la Sentencia.—Una apelación interpuesta contra sentencia final no priva a la corte inferior de su jurisdicción para resolver moción para que se deje la sentencia sin efecto.

2. Apelación y Error—Récord de Procedimientos que no Están en Récord— Cuestiones que no Constan del Récord—Antecedentes que no Constan en General.—Cuando se alega abuso de discreción al dejar una corte sin efecto una sentencia y para sostener el error el apelante se funda en las alegaciones y las pruebas del apelado y estos antecedentes no constan del *record,* esto es motivo bastante para no revocar la resolución apelada.

3. Apelación y Error—Revisión—Discreción de la Corte Inferior—Dejar sin Efecto una Sentencia—Resolución Dejando ésta sin Efecto.—Atendidas las circunstancias concurrentes, *se resolvió* que, no habiendo cometido error la corte inferior al estimar que existió una sorpresa excusable para el apelado, no cabía revocar la resolución que dejó sin efecto la sentencia.

4. Alegaciones—Alegaciones Enmendadas o Complementarias y *Repleader*— Enmiendas de la Demanda—Variación en la Causa de Acción—En General.—La causa de acción en una demanda original en que se reclama el valor de un automóvil por haber sido destruído totalmente no queda variada por una demanda enmendada en que se reclama dicho valor alegándose que el automóvil sufrió desperfectos que no han sido reparados adecuadamente.

Resolución de *Charles E. Foote,* J. (Mayagüez), declarando con lugar moción para dejar sin efecto una sentencia dictada en el caso. *Confirmada.*

J. H. Brown y Clemente Ruiz Nazario, abogados del apelante; *José Sabater,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La Corte de Distrito del Distrito Judicial de Mayagüez dictó sentencia en este pleito declarando sin lugar la demanda, como consecuencia de una moción de *non suit* del demandado fundada en que la prueba del demandante en el juicio no era suficiente para dictar una sentencia condenatoria.

El mismo día que el demandante apeló de esa sentencia presentó moción a la corte sentenciadora . solicitando que lo eximiera de los efectos de esa sentencia y que continuara el juicio o se celebrara de nuevo, fundándose en el artículo 140 del Código de Enjuiciamiento Civil, porque fué debida a sorpresa excusable del demandante. La corte oyó a las partes sobre esa moción a la que se opuso la demandada y dictó resolución dejando sin efecto dicha sentencia, porque existió una mala interpretación por parte del demandante y de la misma corte con respecto a la evidencia que practicó el demandante y a los defectos de la misma y porque no tuvo una oportunidad para desarrollar toda su prueba y demostrar todos los hechos de su caso, y en su consecuencia dispuso la celebración de un nuevo juicio y admitió una demanda enmendada que fué presentada con la moción.

Contra esa resolución interpuso esta apelación la demandada alegando como primer motivo de su recurso que habiendo sido apelada la sentencia la corte inferior carecía de jurisdicción para dejarla sin efecto y cita en su apoyo varias sentencias de California y el artículo 297 del Código de Enjuiciamiento Civil.

[1] Dispone el artículo 297 citado que formalizada una apelación producirá el efecto de suspender todo procedimiento en la corte inferior respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, aunque la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la

apelación; pero como dicha ley concede el derecho de apelar las sentencias y también de solicitar un nuevo juicio, se ha decidido por los tribunales que **la apelación interpuesta** contra la sentencia final no suspende la jurisdicción de la corte para oir y resolver una moción solicitando un nuevo juicio. Véanse los casos de *Altuna* v. *Ortiz, Horton* v. *Robert y Aguayo* v. *García,* 11 D.P.R. 30, 196 y 274, respectivamente, en los que fueron citados en apoyo de esa conclusión los casos de *Neagle* v. *Spencer,* 60 Cal. 10; *Carpenter* v. *Wilson,* 25 Cal. 168 y *Rayner* v. *Jones,* 90 Cal. 78.

También el artículo 140 del Código de Enjuiciamiento Civil autoriza a las cortes de distrito para eximir a alguna persona o a sus representantes legales de los efectos de una sentencia que se hubiese dictado contra ella por equivocación, inadvertencia, sorpresa o excusable negligencia, solicitándose dentro del período judicial en que se dictó la sentencia o por causa justificada dentro de un plazo razonable que no excederá de seis meses, contados desde la expiración del período judicial. Y como tanto el artículo 140 citado como la concesión de un nuevo juicio tienen por objeto abreviar los litigios y hacer justicia rápida a las partes, por eso hemos considerado ambos remedios como análogos porque por distintos fundamentos tratan de conseguir el mismo resultado de dejar sin efecto la sentencia y hemos declarado en el caso de *Díaz* v. *Cuevas Zequeira,* 27 D.P.R. 130, en que se utilizó el remedio concedido por el artículo 140 después de haber sido interpuesta la apelación, que ésta no privaba a la corte de su jurisdicción para resolver la moción de que se deje sin efecto la sentencia. En verdad, no vemos perjuicio para las partes sino más bien beneficio en que se resuelva una moción para dejar sin efecto una sentencia a pesar de que haya sido apelada, pues si la moción está bien fundada en el artículo 140 es preferible que se declare así desde luego y no después de haber transcurrido tiempo y de haber incurrido las partes en gastos que resultarían inútiles. Algunos de los casos

que ahora cita la apelante fueron considerados en el caso de *Díaz* v. *Cuevas Zequeira, supra,* y dijimos que no eran aplicables, y otros sostienen la contención de la apelante, pero seguiremos la doctrina establecida en el caso de *Díaz* v. *Cuevas Zequeira,* por creerla justa y equitativa. .

. [2, 3] En el otro motivo del recurso se alega que en el supuesto de que la corte inferior tuviera jurisdicción para resolver la moción del demandante siempre resultaría que la corte se excedió en las facultades discrecionales que le concede el artículo 140 citado y que abusó de ellas.

Para sostener este motivo de error se funda la apelante en la demanda, en la contestación y en las pruebas presentadas en el juicio por el apelado. También se fundó la corte inferior en dicha prueba y en los efectos de la misma para fundar la resolución que motiva esta apelación pero como en la transcripción que para resolverla se nos ha presentado no constan esos antecedentes, esto sería motivo bastante para no revocar la resolución apelada, pero preferimos resolverla por lo que aparece de la moción jurada que el apelado presentó para solicitar que se dejara sin efecto la sentencia y en la oposición escrita que hizo la apelante.

De esas peticiones aparece que el apelado tenía asegurado un automóvil de su propiedad con la apelante contra daños sufridos por el mismo; que ese vehículo tuvo un accidente; que el apelado reclamó de la apelante que le pagase el precio que el automóvil tenía el día del accidente, alegando su destrucción total y que la apelante contestó que estaba reparando el automóvil para entregarlo al apelado en iguales o mejores condiciones de las que tenía dicho día.

Al comenzar el juicio el apelado manifestó a la corte que si la compañía aseguradora reparaba el automóvol adecuadamente estaría obligado a recibirlo pero que si no era así la compañía debía pagar el precio del mismo. Presentó su evidencia, y después la compañía solicitó que la de-

manda fuese declarada sin lugar por no aparecer probado que el automóvil hubiese sido destruído totalmente. Ya hemos dicho que en vista de esa moción la corte dictó sentencia contra el demandante y que después la dejó sin efecto.

Por lo expuesto se ve que el apelado estaba bajo la impresión en el juicio de que habiendo alegado la apelante en su contestación que estaba reparando el automóvil la cuestión quedaba reducida a que se resolviera con vista de la prueba de la demandada que el automóvil había sido reparado adecuadamente, como en el caso de *Molina* v. *Porto Rican Lloid's,* 31 D.P.R. 132, hemos dicho que debe serlo para que el dueño tenga obligación de recibirlo, pues si no era así la compañía tendría que pagar su valor, teoría que no era la de su demanda fundada en destrucción total. En verdad el apelado debió haber enmendado su demanda antes del juicio para alegar, como lo ha hecho después, los daños sufridos por su automóvil, y que no han sido reparados adecuadamente pudiendo así reclamar su valor, pero no lo hizo así confiando, tal vez, en que la compañía trataría de probar una reparación adecuada y no acudiría al tecnicismo de no haberse probado una destrucción total. En vista de esas circunstancias entendemos que la corte inferior no cometió error al estimar que existió una sorpresa excusable para el apelado y no revocaremos la resolución apelada, tanto más cuanto que la justicia requiere en este caso que la compañía pague el valor del automóvil o demuestre que lo ha reparado adecuadamente.

[4] También dice la apelante que no debió ser admitida la demanda enmendada presentada con la moción solicitando se dejase sin efecto la sentencia por no ser la acción que en ella se ejercita germana de la aducida en la demanda original. Ahora se reclama el valor del automóvil alegando que los desperfectos que sufrió no han sido reparados adecuadamente, y por lo que conocemos de la demanda original también se reclamó el valor de dicho vehículo por haber sido destruído totalmente, por lo que la

causa de acción no ha variado ya que cualquiera de las dos demandas daría derecho al apelado a que se le pague el valor del automóvil.

*La resolución apelada debe ser confirmada.*