ANTONIO MUÑIZ, demandante y apelado, *v.* THE AETNA CASUALTY & SURETY Co., demandada y apelante.

No. 4441.—*Sometido:* Enero 14, 1929.—*Resuelto:* Marzo 12, 1929.

*Hartzell, Kelley & Hartzell* y *R. O. Fernández,* abogados de la apelante; *Buenaventura Esteves,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Por la parte apelada, o sea Antonio Muñiz se nos ha pedido reconsideración de nuestra sentencia en este caso, en cuanto por ella se revocó la sentencia de la corte de distrito en lo que se refiere a la condena por depreciación del automóvil. (38 D.P.R. 839)

Los motivos que se aducen en tal petición son varios.

En primer lugar se nos alega que el fundamento de nuestra sentencia fué que de las alegaciones y de la prueba aparece que los desperfectos del automóvil fueron reparados, sin que haya indicación de que el carro no quedara en buen estado, y antes por el contrario, probado por el demandante que él hizo reparar el automóvil, y lo aceptó después de la reparación, la creencia racional es que quedó en buenas condiciones. Esto se dijo en la opinión; pero éste no fué el único motivo de la sentencia, ni puede parecerlo a quien lea la opinión en su integridad, y no separando de ella los párrafos que crea preciso para un fin determinado.

Al tratarse en la opinión de las alegaciones, refiérese el Tribunal con especialidad a aquella de la demanda en la segunda causa de acción, donde dice:

"*b.* Que no pudiendo conseguir que la demandada reparara el automóvil y siendo éste de gran necesidad para el demandante, en el

mes de marzo de 1926 se decidió el demandante a repararlo por su cuenta, gastando en ello, entre materiales y mano de obra, la suma de $91.00.''

Y seguidamente se alega la depreciación como resultado directo del accidente.

Pero no encontramos que se alegue que el carro, después de la reparación, no quedara en buen estado para el servicio que tenía que prestar, ni la prueba ha demostrado esto.

Como otro de los motivos para reconsiderar se alega que de la declaración del testigo Ramón Jiménez resulta que "el automóvil quedó arreglado, pero no como viene de fábrica;" y de la de Mamerto Molinary, que el automóvil no vale lo mismo, sin que haya peritaje que pueda fijar la diferencia de valor entre un automóvil después del choque y después de arreglado, pero que vale menos por el hecho de haber chocado.

Para fundar una reconsideración, es insuficiente la cita de partes aisladas de testimonios recibidos en el juicio, y cuyos testimonios fueron estudiados y considerados en su totalidad y en el conjunto de la prueba, tanto al juzgarse el caso en la corte *a quo*, como al resolverse la apelación. Y a más, la afirmación de que un automóvil, después de reparada una avería no queda como cuando vino de fábrica, es tan elemental que no merece comentario, ni tiene influencia en la decisión. Pero sobre todo esto, debe considerarse si la demandada tenía o no el deber legal o contractual de entregar el automóvil como cuando vino de fábrica o sin que el mercado le asignara depreciación. Y éste es extremo que trataremos, a la luz de la ley, y a la luz del contrato, que entre las partes tiene la fuerza de una ley.

En este caso hay entre las partes un contrato de seguro, exteriorizado en la póliza que se presentó, y por virtud del que la compañía aseguradora responde de los daños que se causen al automóvil asegurado por choque accidental; y con

arreglo a la cláusula pertinente al caso, la responsabilidad se fija así:

"Pérdida o daño directo al automóvil descrito, causado solamente por choque accidental con otro objeto, excluyendo, no obstante: (a) daños causados por la caída o vuelco del automóvil descrito, a menos que dicha caída o vuelco sea el resultado directo del choque accidental y ocurra inmediatamente después de éste; (b) daño o destrucción causado directa o indirectamente por fuego; (c) daño a las gomas, a no ocurrir otro daño al automóvil. Se deducirá del importe del daño causado por cada choque la cantidad expresada como deducible en el Pacto III del párrafo A.

"En caso de daño a cualquier automóvil comprendido en esta póliza, o a su equipo, estuviere o no dicho daño comprendido en esta póliza, la responsabilidad ulterior de la Compañía a virtud de este convenio será reducida en el importe de los daños sufridos hasta haberse completado las reparaciones o repuesto el carro, y acto continuo todo el límite será aplicado, tal cual se hizo constar originalmente sin premio adicional.

"En caso de daño o destrucción de cualquiera de los automóviles cubiertos por esta póliza, la naturaleza y cuantía del daño por el cual la Compañía es responsable o el valor del automóvil destruido podrá determinarse por las partes en este contrato, si fuere posible; de otro modo por dos tasadores uno de los cuales será seleccionado por el asegurado y el otro por la compañía. Los dos tasadores seleccionados de ese modo, si no pudieren llegar a un acuerdo, podrán seleccionar un tercero y la adjudicación por escrito de cualesquiera dos de los tasadores determinará la naturaleza y cuantía de las reparaciones que hayan de hacerse a expensas de la Compañía o el valor del automóvil destruido. La Compañía y el asegurado pagarán al tasador respectivamente seleccionado por cada uno y pagarán por igual los otros gastos de la tasación y del tercer tasador, si fuere seleccionado. La Compañía podrá llevar a cabo cualesquiera reparaciones determinadas por los tasadores por los medios que ella elija, o, a su opción podrá reponer el automóvil o pagar en dinero el importe de la pérdida según se hubiere fijado por los tasadores. El asegurado no abandonará el automóvil dañado y la compañía no se hará responsable por ninguna parte o partes que faltaren al automóvil o a su equipo.

"La Compañía tendrá un tiempo razonable y la oportunidad para examinar cualquier automóvil dañado o su equipo, cubierto por esta

póliza antes de darse principio a las reparaciones o de haberse removido la prueba física de daño, pero el asegurado no será perjudicado a virtud de la presente por ninguna acción de su parte o en representación suya que se tomare para proteger o salvar al automóvil dañado o a su equipo.''

Para nosotros es claro el deber de la aseguradora, de reparar, en los casos de daño, y de reponer, en los de destrucción total. Ese es el contrato, que no obliga a más que lo expresado.

Si se tratara de una reclamación de daños y perjuicios al causante de los mismos, o al responsable por el causante, la doctrina legal no sería la misma, probablemente, o al menos en la mayoría de los casos.

En la vista de esta reconsideración se dijo que habíamos citado el caso *Broadie* v. *Randall*, 32 L.R.A. 708, o como debe hacerse la cita, 32, A.L.R. 708, y que íbamos en contra de la doctrina allí sentada. Este fué un error de la parte. Al hablar de esto, dijimos:

''Ésta es la doctrina sustentada en varias jurisdicciones, y en los casos que por el apelante se citan en Broadie v. Randall, *Supra.*

Y se anotan los casos que el apelante citó en, *Broadie* v. *Randall.*

Los casos que en nuestra decisión hemos anotado especialmente, son los de *Molina* v. *Porto Rican Lloyd*, 31 D.P.R. 127, y *Martínez* v. *Independence Indemnity Company,* 36 D.P.R. 860.

Los motivos y fundamentos de nuestras opinión y sentencia en este caso, subsisten en toda su fuerza, y deben confirmarse ahora.

*Por todo lo expuesto no habiendo motivos o fundamentos que sostengan las peticiones de la parte apelada, debe dictarse nueva sentencia en la misma forma y términos de la que se dictó el 26 de noviembre de 1928 en este caso, sostenida por la misma opinión de aquélla.*