Antonio Talavera, representado por su padre con patria potestad Jenaro Talavera, demandante y apelante, *v.* City Delivery Express Co., Inc., demandada y apelada.

Núm. 8224.—*Sometido:* Julio 22, 1940. *Resuelto:* Julio 26, 1940.

*J. M. Valentín Esteves,* abogado del apelante; *Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste fué un pleito iniciado por Antonio Talavera, representado por su padre Jenaro Talavera, en la Corte de Dis-

trito de Aguadilla contra la City Delivery Express Co., Inc., en reclamación de quinientos cuarenta dólares por daños y perjuicios, quinientos por daños a la persona del demandante y cuarenta por el valor del animal que montaba el demandante que quedó inutilizado a virtud del accidente origen de la reclamación.

Contestó la demandada en marzo 4, 1939, y señalada la vista del caso para mayo 25, siguiente, la dicha demandada alegó que la corte carecía de jurisdicción por cuanto la cuantía envuelta era de quinientos dólares solamente, ya que el demandante no podía reclamar los cuarenta dólares—valor del animal inutilizado—por no ser de su propiedad. La corte declaró con lugar la excepción y dictó sentencia desestimando la demanda, con costas pero sin honorarios de abogado.

Así las cosas, más de dos meses después, el demandante pidió a la corte que le permitiera la radicación de una demanda enmendada y la corte negó el permiso en los siguientes términos:

"En su memorándum el demandante alega que la enmienda es permisible por no introducir una nueva, separada y distinta causa de acción, invocando en su apoyo la jurisprudencia establecida en los casos de *Martínez* v. *Independence Indemnity Co.*, 36 D.P.R. 860, y *Martí* v. *American Railroad Company of P. R.*, 28 D.P.R. 737. También cita Bancroft's Code Pleading, pág. 749, párr. 518, y el capítulo 27, pág. 757.

"La demandada afirma (1) que la enmienda solicitada por el demandante introduce una nueva causa de acción y (2) que la solicitud para enmendar es tardía y no aduce hechos suficientes para excusar esa tardanza.

"Sostiene además que en la demanda original la causa de acción ejercitada en cuanto al animal inutilizado concierne era una para reclamar el pago de $40 como valor total del susodicho animal que correspondían al padre del demandante por ser el dueño del mismo. El demandante carecía de acción para recobrar esos daños porque el perjudicado había sido una persona distinta.

"En la demanda enmendada aquella causa de acción que ejercitaba el demandante en la demanda original, o sea, tratar de recobrar el importe de unos daños que correspondían a su padre, la varía

sustancialmente mediante la alegación de que en el referido animal tenía una participación y de ese modo establece una causa de acción ·en su favor, no contenida en la demanda original, y completamente distinta a la que aquélla había establecido originalmente, así pretendiendo burlar los efectos de la sentencia que había sido dictada por la corte desestimando esa demanda por falta de jurisdicción. *González v. White Star Bus Line,* 53 D.P.R. 345; *Charles Vere v. Corte,* 54 D.P.R. 263.

"Hay algunas decisiones que sostienen que los daños causados a ·un individuo y a su propiedad derivados de un mismo acto torticero ·constituyen una sola causa de acción. *King v. Chicago, M. & St. P. Ry. Co.,* 80 Minn. 83, 82 N. W. 1113, y hay otras que sostienen lo contrario. *Lamb v. Harbaugh,* 105 Cal. 680, 39 P. 56.

"Nos inclinamos a creer que en Puerto Rico la cuestión está prevista por el estatuto, pues así parece reconocerlo el artículo 104 del vigente Código · de Enjuiciamiento Civil al establecer que el demandante podrá acumular varias acciones en una misma demanda cuando todas se deriven de daños a la persona y daños a la propiedad provenientes de un mismo acto torticero.

"En casi todos los estados la regla general es que no puede permitirse enmienda alguna que introduzca en el caso una nueva causa de acción sustantiva distinta de aquélla sobre que se demanda y distinta de aquélla sobre que la parte se propuso demandar al entablar su acción.

"También se ha resuelto que dos de las pruebas para determinar si una segunda demanda constituye una enmienda o si constituye la sustitución de una nueva causa de acción son las siguientes: (1) que la misma prueba servirá para fundamentar ambas demandas; (2) que la misma medida de daños será aplicable a ambas. Si estas dos pruebas fallan, la nueva alegación no es una enmienda. 51 Am. St. Rep. 416.

"Con la variación que se ha introducido en la demanda enmendada la reclamación no subsiste por el mismo daño o sea por la ·pérdida sufrida por el demandante con motivo del accidente de que trata la demanda original, ya que se adiciona otro daño o pérdida o sea el que reclama por el animal inutilizado. La misma prueba no servía para fundamentar la misma medida de daños.

"Es claro, a nuestro juicio, que se hubiesen podido establecer reclamaciones distintas separadamente.

"Entendemos que la enmienda propuesta introduce una nueva, distinta y separada causa de acción y por tanto se resuelve no haber

lugar a admitir la demanda enmendada presentada por el demandante.''

De esa resolución, dictada por la corte en abril 2, 1940, apeló el demandante para ante este tribunal, habiendo solicitado la demandada la desestimación del recurso por no ser apelable la resolución recurrida y por ser en todo caso el recurso frívolo.

La jurisprudencia de California interpretativa del artículo 939 del Código de Enjuiciamiento Civil de dicho Estado que es igual al 295 del nuestro, es al efecto de que:

''....No procede una apelación de una orden dictada por la corte sentenciadora negando permiso para enmendar una demanda. (Citas.)'' (*Kline* v. *Beauchamp et al.*, 84 P. (2d) 194, 195.)

Es terminante. Sin embargo, el apelante sostiene que esa jurisprudencia no es aplicable porque aquí se trata de una enmienda solicitada y negada después de sentencia lo que la convierte en una orden especial después de sentencia, apelable por ministerio de la ley. Cita el caso de *Hernáiz, Targa & Co.* v. *Vivas*, 20 D.P.R. 106, que define una orden de tal naturaleza como ''aquélla que lesiona un derecho al resolver sobre una cuestión no discutida en el pleito, ni resuelta por la sentencia definitiva, o que provee en contra de lo resuelto por la sentencia.''

Aceptando, sin resolverlo, que pudiera calificarse la orden de que se trata como una especial dictada después de sentencia, nos encontramos que el demandante no siguió el procedimiento que indica la propia jurisprudencia que invoca. Para que hubiera podido permitirse la enmienda debió el demandante pedir previamente que se dejara sin efecto la sentencia dictada—sentencia que dicho sea de paso se dictó con el allanamiento del propio demandante—como se hizo en el caso de *Martínez* v. *Independence Indemnity Co.*, 36 D.P.R. 860, 861, en el que se invocó expresamente la autoridad del artículo 140 del Código de Enjuiciamiento Civil.

La jurisprudencia con respecto a la admisión de enmiendas después de dictada sentencia, se resume como sigue en Corpus Juris:

"En ausencia de autoridad estatutaria, no pueden hacerse enmiendas de las alegaciones, ya expresas o implícitas, después de dictarse sentencia, a menos que tal sentencia se haya dejado sin efecto (vacated). Pero bajo autoridad estatutaria, tal enmienda puede permitirse. Este poder, se ha dicho, debe ser ejercitado muy restrictivamente y, sea ello como fuere, sólo se permitirá una enmienda a los fines de sostener la sentencia y no para revocarla. El permitir enmiendas una vez dictada sentencia es algo que siempre depende de la discreción de la corte. Si el poder para permitir enmiendas será o no ejercitado depende en gran medida de la naturaleza de la enmienda propuesta y de la conducta de la parte que la solicita. Si ésta ha sido culpable de demora indebida (*laches*) la solicitud debe ser denegada. El conceder una enmienda en el juicio (*trial amendment*) después de sentencia procede cuando la orden fué hecha antes del juicio.....

"No se permitirá ninguna enmienda de las alegaciones después de dictada sentencia desestimatoria o de *nonsuit,* especialmente cuando se presenta la moción después de expirar el término durante el cual la sentencia de desestimación fué dictada. Y la opinión mejor fundada parece ser que no puede permitirse ninguna enmienda después que una sentencia de desestimación o de *nonsuit* ha sido dictada, aunque hay decisiones que sostienen que una enmienda es permisible en cualquier momento antes de que la sentencia sea actualmente dictada." (49 C. J., págs. 483, 484, sec. 623, 624.)

Habiendo en consideración todo lo expuesto, debe resolverse que la apelación no procede porque la orden recurrida no es apelable, y que en el caso de que lo fuera, siempre debería desestimarse el recurso por frívolo ya que la petición de enmienda pudo rechazarse bien de plano o ya por los motivos que expuso la propia corte de distrito en su resolución.

*Debe declararse con lugar la moción y en su consecuencia desestimarse el recurso.*

El Juez Asociado Sr. De Jesús no intervino.