RUPERTO GONZÁLEZ, demandante y apelante, *v.* ELÍAS PÉREZ, demandado y apelado.

Núm. 8279.—*Sometido:* Diciembre 16, 1940. *Resuelto:* Enero 16, 1941.

*J. E. Soltero,* abogado del apelante; *Ildefonso Freyre,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se solicita la desestimación del recurso por no ser apelable la orden recurrida y porque aunque lo fuere, la apelación es frívola.

La demanda original está fechada en enero 18, 1940. Emplazado el demandado, adujo por vía de excepción previa:

"Que la acción de daños y perjuicios que trata de alegar la demanda está prescrita a virtud del artículo 1868 del Código Civil de Puerto Rico, edición de 1930, que prescribe que las acciones de daños y perjuicios prescriben al año de sucedido el accidente o desde que lo supo el agraviado.

"Como se puede ver de la demanda se alega que los hechos ocurrieron en 17 de julio de 1938, y la demanda aparece radicada en enero de 1940."

Y la corte por resolución razonada de mayo 9, 1940, declaró:

"...con lugar la excepción de prescripción de la acción que se ejercita en la demanda y, no siendo susceptible de enmienda, se declara sin lugar dicha demanda en todas sus partes, condenando al demandante al pago de costas, sin incluir honorarios de abogado."

Cuatro días después el demandante pidió a la corte "que en bien de la justicia declare con lugar esta moción y enmiende su resolución de mayo nueve del novecientos cuarenta concediendo una oportunidad al demandante para enmendar la demanda." La demanda enmendada se acompañó a la petición. Se opuso a la reconsideración el demandado y la

corte en septiembre diez siguiente por medio de otra resolución razonada la declaró sin lugar.

El demandante, en octubre 9, 1940, presentó el siguiente escrito de apelación:

"Por la presente, el demandante, no conforme con la resolución y sentencia dictada por esta corte en este caso con fecha 10 de septiembre de 1940, ratificando la resolución y sentencia de mayo 9 de 1940, notifica a ustedes que apela de ella para ante el Tribunal Supremo de Puerto Rico por la razón de que en virtud de dicha resolución se declara sin lugar la reclamación de daños y perjuicios interpuesta por el demandante a base de que el demandante no interpuso la acción dentro del año o período prescriptivo.—Mayagüez, Puerto Rico, a 9 de octubre de 1940."

Habiéndose presentado la moción de reconsideración dentro del término de quince días que señala el artículo 292 del Código de Enjuiciamiento Civil tal como quedó enmendado por la Ley núm. 67 de 1937 (pág. 199) y habiendo la corte oído a las partes sobre la misma, el escrito, en la forma en que aparece redactado, trae la totalidad del caso a la consideración de esta Corte de acuerdo con lo que se prescribe al final de dicho artículo enmendado.

El caso de *Talavera* v. *City Delivery Express Co.,* 57 D.P.R. 464, que se cita por la parte apelada para sostener el primer fundamento de su moción, no es aplicable, porque si bien se trataba en él de una negativa a conceder permiso para presentar una demanda enmendada, tal negativa lo fué bajo circunstancias diferentes a las que en éste concurren.

En el caso de Talavera se dictó sentencia y dos meses después de dictada, esto es, cuando la sentencia era ya firme, la parte perdidosa pidió a la corte que le permitiera radicar una demanda enmendada. Aquí la moción de reconsideración se presentó dentro del término de quince días que fija el artículo 292 del Código de Enjuiciamiento Civil, quedando subsistente el término para apelar de la sentencia ya que la corte oyó a las partes sobre la moción y la resolución de ésta se considera como la definitiva que en el caso se dictara.

No cabe, pues, la desestimación por el primer fundamento. Examinemos el segundo.

 No hay discrepancia sobre la naturaleza de la acción. Se trata de daños y perjuicios sufridos por una persona, el demandante, como consecuencia de la negligencia de otra, el demandado, consistente en haber dejado de poner andamios o aparatos de protección a cierta obra que construía al lado del sitio en que trabajaba el demandante.

Tampoco hay discrepancia sobre la ley de prescripción aplicable. Lo es el artículo 1868 del Código Civil, ed. 1930, que dice:

"Artículo 1868.—Prescriben por el transcurso de un año:

"1. La acción para recobrar o retener la posesión.

"2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1802 desde que lo supo el agraviado."

Acepta el demandante y apelante que entre la fecha en que ocurrió el accidente origen de su reclamación y la en que se presentó la demanda transcurrió más de un año, pero sostiene que no transcurrió ese año entre el día en que tuvo "conocimiento eficaz y seguro de su causa de acción" y el en que la ejercitó, estando en su consecuencia viva su acción de acuerdo con los propios términos de la ley. Se basa en las siguientes alegaciones de su demanda enmendada:

"2. Que el día 17 de julio de 1938 se ocupaba como de costumbre en sacar plátanos del depósito de Juan Pellicier con quien trabajaba para venderlos, estando situado dicho depósito en la Calle Libertad en los bajos de una casa propiedad de la viuda de Ramírez frente a la plaza del mercado.

"3. Que en la casa del lado del depósito y en los altos, estaban levantando una obra de concreto y en uno de los varios instantes en que el demandante entraba al depósito de plátanos, le cayeron encima cinco balaústres de cemento....habiendo recibido dolorosos golpes especialmente en la pierna derecha rompiéndole el hueso....

" . . . . . . . .

"5. Que al ocurrir el accidente el demandante fué llevado al Hospital Municipal....

"6. Que...fué conducido luego a su casa en estado de gravedad.

"7. Que al día siguiente dos hermanos del demandado llevaron de nuevo al Hospital Municipal al demandante donde estuvo hospitalizado 18 días y donde le fué enyesada la pierna derecha.

"8. Que a los treinta y dos días de enyesada la pierna volvió al Hospital Municipal donde le quitaron el yeso habiendo quedado inútil de la pierna.

" . . . . . . .

"13. Que a pesar de haber ocurrido el accidente el día 17 de julio de 1938, esta acción no pudo ser radicada inmediatamente por el demandante, no solamente por los días en que se vió imposibilitado de hacer sus gestiones por las curaciones y el enyesamiento, y la penuria, sino además por las irregularidades que ocurrieron en el Hospital Municipal en relación con su caso, eliminándose o no haciéndose debidamente los records oficiales de hospitales, impidiendo la investigación del caso por el abogado del demandante, todas estas dificultades en parte creadas por manipulaciones del demandado con el propósito premeditado de dificultar la acción del demandante, y en adición por informaciones de los médicos del Hospital Municipal en el sentido de que la incapacidad de la pierna era causada por enfermedades contagiosas ajenas al accidente, que impedían al demandante tener conocimiento pleno de su causa de acción hasta tanto no eliminase dichas posibilidades.

"14. Que para eliminar las posibilidades de causas distintas al accidente en lo que respecta a la incapacidad, el demandante por su situación económica, miserable, le fué imposible conseguir mas a tiempo exámenes de carácter científico los cuales exámenes incluyendo análisis de sangre, exámenes generales, radiografías, y estudio de las radiografías, fueron conseguidos mediante gestiones del abogado del demandante cerca de amigos y de funcionarios de instituciones federales a fin de descartar o confirmar las dudas en cuanto a las causas de la incapacidad.

"15. Que las dudas en cuanto a la incapacidad de la pierna no fueron eliminadas de la mente del demandante hasta a fines de julio del 1939 y que entonces fué que el demandante y su abogado tuvieron conocimiento eficaz y seguro de su causa de acción, y que habiéndose radicado la demanda en este caso en enero 9 del 1940 no transcurrió el año de prescripción desde que el demandante tuvo conocimiento de su acción."

La mera lectura de las anteriores alegaciones pone de manifiesto el esfuerzo extraordinario hecho por el demandante para librarse de la prescripción.

La ley, sin embargo, es terminante. Dice que por el transcurso de un año prescribe la acción que se deriva de la culpa o negligencia "desde que lo supo el agraviado."

Aquí el agraviado alega que en julio 17, 1938, le cayeron encima cinco balaústres de la obra del demandado y le ocasionaron la ruptura de una pierna. Del hecho de esa lesión es que emana la acción para reclamar los daños y perjuicios que como consecuencia de la misma sufriera el demandante y ese hecho tuvo que conocerlo el agraviado en el momento mismo o desde que recobró el uso de la razón si es que ésta fué afectada de tal modo que no pudo darse cuenta de lo ocurrido, extremo sobre el cual nada en concreto se alega en la demanda.

La corte sentenciadora al fijar el alcance de las alegaciones transcritas, fué más allá de lo que debía y podía de acuerdo con la ley, y aun así se vió obligada a resolver que la acción había prescrito. Dijo:

"Si el demandante sufrió un accidente personal del cual tuvo conocimiento inmediatamente, el día 17 de julio de 1938, ¿qué término tenía para reclamar los daños sufridos en el mismo? La respuesta es terminante: Hasta el día 17 de julio de 1939, o sea dentro del año prescrito por el artículo 1868.

"Si el día 17 de julio de 1938 el demandante no tenía conocimiento del daño por él sufrido en el accidente de los balaústres que le cayeron encima y tuvo necesidad de recluirse en el Hospital Municipal por 34 días, al final de los cuales *conoció* que su pierna derecha había quedado inútil y que tenía una causa de acción para reclamar indemnización por el daño sufrido ¿cuándo expiró el término que él tenía para reclamar dicho? Indudablemente que sólo tenía a contar de la fecha en que él conoció la inutilidad de su pierna y el término de un año expiraba entonces el 19 de agosto de 1939, y estableciendo su acción en enero 19 de 1940 es claro que la acción ejercitada está prescrita, por haberse establecido la reclamación 5 meses después de haber expirado el término legal para radicar dicha acción en contra del demandado."

La cita de Manresa que hace el apelante—12 Manresa, Comentarios al Código Civil, 786—no le favorece. El que el Tribunal Supremo de España resolviera en la sentencia de octubre 9, 1906, que la apreciación de las fechas corresponde al tribunal sentenciador, no quiere decir que dicho tribunal pueda fijarlas arbitrariamente. Debe para ello seguir las normas razonables establecidas por los precedentes y la jurisprudencia. El propio Manresa refiriéndose a la indicada sentencia, dice:

"... En la misma...se determina que a este efecto (apreciación de las fechas) la demanda de pobreza, cuando se conoce su finalidad, interrumpe la prescripción, si se interpone *antes de transcurrir* el lapso asignado por la ley a aquélla; pero la mera pretensión de nombramiento de abogado y procurador de oficio no reviste verdadero carácter de interpelación judicial ni extrajudicial."

Y luego comentando el artículo siguiente del Código Civil, 1969, igual al 1869 del nuestro, que el demandante apelante invoca como complementario del anterior, se expresa como sigue:

"No obstante la claridad de dicho precepto, el Tribunal Supremo ha tenido necesidad de fijar en diversos casos su recta y exacta inteligencia, resolviendo las dudas que el interés particular, más que ninguna razón jurídica, pudo motivar en distintas ocasiones. Con dicho objeto, declaró en sentencia de 8 de mayo de 1903 que 'la frase empleada por el legislador en el expresado artículo 1969 de que el tiempo para la prescripción se contará desde el día en que las acciones pudieron ejercitarse, hace referencia notoria a la posibilidad legal, por lo que sólo deben ser tenidas en cuenta las condiciones del individuo u otras circunstancias, cuando la ley así lo determine y prefije como excepción, lo cual está conforme con el alcance y fines de la prescripción.' En su virtud, con arreglo a la doctrina establecida por dicha sentencia en los términos indicados, no deben tenerse en cuenta para la determinación del momento en que debe empezar a correr el término de la prescripción para la computación del mismo, ninguna razón ni circunstancia que no afecte a la *posibilidad legal* del ejercicio de la acción que ha de ser prescrita.

"Conforme con esta doctrina se estableció en dicha sentencia, como regla de jurisprudencia, que 'desde el instante en que se

realiza un acto o se celebra un contrato cualquiera que lesiona derechos de alguien que pueden ser inmediatamente reivindicables, nace la acción correspondiente para conseguirlo, y que a este momento hay que atenerse para empezar a contar en su caso el término de la prescripción, cuando la ley especialmente no dispone otra cosa': regla que si bien fué consignada con relación a la acción rescisoria, es aplicable a los demás casos que puedan ocurrir.

" . . . . . . . .

"Otras varias sentencias podríamos citar; pero en todas ellas el criterio seguido ha sido el mismo, inspirándose siempre en la doctrina· citada para evitar demoras, suspensiones y retrasos en la computación de los términos en beneficio de la prescripción. Y la razón jurídica de ese criterio consignada se halla en la sentencia de 8 de mayo de 1903, que hemos citado antes, en la que se dice, como fundamento de ello, que 'dado el concepto y fundamento de la prescripción, encaminada principalmente a dar fijeza y certidumbre a la propiedad y a toda clase de derechos emanados de las relaciones sociales y de las condiciones en que se desarrolla la vida, y aun cuando éstas no se ajusten a principios de estricta justicia, que hay que subordinar, como mal menor, al que resultaría de una instabilidad indefinida, es evidente que por el transcurso· de determinado tiempo se entienden borrados los defectos que en los títulos de aquéllos puedan.existir, y que, al efecto es preciso señalar, por regla general, un término fijo y claro desde el que empiece a contarse dicho término, cual es el que se consigna en el artículo 1969 del Código.'

"Es decir, que esa restricción, que la jurisprudencia viene poniendo en la interpretación de las reglas de computación de los términos para la prescripción, se halla en un todo conforme con los fines de la misma y con los principios en que se funda y que le sirven de justificación."

Tampoco es favorable al demandante apelante la jurisprudencia americana que invoca extensamente en su alegato presentado ' después de la moción de desestimación y que hemos estudiado conjuntamente con la moción. Se observa que la tuvo en cuenta al redactar su demanda en verdad y que trató de ajustarse a ella, pero aun así precisa concluir que de los hechos alegados no surge una causa de acción.

Hace énfasis en la excepción de. fraude, citando el caso de *Brookshire* v. *Burkhart,* de la Corte Suprema de Oklahoma, '

283 P. 571, anotado en 67 A.L.R. 1059 a 1075, especialmente lo que sigue:

"La ocultación fraudulenta (*fraudulent concealment*) constituye una excepción implícita al estatuto de limitaciones (prescripción), y una parte que ilegalmente oculta hechos materiales, impidiendo así que se descubra su acto ilegal, o que una causa de acción ha surgido en su contra, no puede beneficiarse de su propia maldad amparándose en el estatuto, cuyo propósito es impedir la ilegalidad y el fraude."

"Si el fraude en sí es de naturaleza secreta o tal que su existencia no pueda ser fácilmente notada, o si existen relaciones fiduciarias entre las partes, no se requiere otra evidencia de una ocultación fraudulenta que aquélla implícita en la propia transacción."

También cita en extenso parte del texto de Ruling Case Law sobre la materia, 17 R.C.L. 861 a 865.

Examinadas las alegaciones de la demanda a la luz de la propia jurisprudencia citada, no surge de ellas la excepción. Lo dicho sobre eliminación de records en el hospital municipal no es suficiente. Tampoco la precaria situación económica del demandante.

Y esa conclusión a que llegamos se reafirma al examinar en su totalidad la jurisprudencia de las cortes americanas— conforme en lo substancial con la de la Corte Suprema de España—. Citaremos parte de ella, tomándola de la misma obra, Ruling Case Law, que invoca el apelante, a saber:

"Como regla general, cuando se sufren perjuicios aunque leves, como consecuencia del acto ilegal o negligente de otro, y la ley ofrece un remedio para ello, el estatuto de limitaciones (prescripción) comienza a correr inmediatamente. No se requiere que todos los daños resultantes del acto hayan sido sufridos al tiempo de ocurrir éste, y la aplicación del estatuto no queda pospuesta por el hecho de que los daños sustanciales y verdaderos no surjan hasta una fecha posterior. El acto en sí se considera la base de la acción y no puede ser legalmente dividido de sus consecuencias. El estatuto comienza a correr entonces, y no desde el tiempo cuando surgen los daños o se descubren los perjuicios." 17 R.C.L. 764.

"Como regla general, las cortes no tienen facultad para insertar en estos estatutos excepciones que no fueron incluídas en los mismos,

no importa cuán razonables parezcan. No compete a las cortes extender la ley a todos los casos susceptibles de ser incluídos en su razonamiento, mientras éstos no caigan dentro de la letra del estatuto. No se permitirá que prevalezcan (*control*) consideraciones de aparente inconveniencia o injusticia. La promulgación por el poder legislativo dentro de su legítimo radio de acción no debe ser obstruída, por la administración judicial. Tal poder tiene discreción, si así lo cree conveniente, para abolir cualquier derecho exigible mediante una acción, si los remedios judiciales previstos para hacer efectivo ese derecho no son invocados dentro del tiempo razonable que crea conveniente fijar. El poseedor de ese derecho puede hallarse personalmente incapacitado para exigir el cumplimiento del mismo dentro del período prescrito, por razón de menor edad, demencia, prisión u otra causa, y sin embargo el estatuto, en términos generales, de no contener ninguna excepción que salvaguarde el derecho, lo extinguirá. La legislatura es el juez—el único juez respecto a tales materias—y no está sujeta a revisión judicial alguna mientras actúe dentro de los límites de la razón. Es preferible que ocasionalmente alguien sufra severamente, a consecuencia de la aplicación de la ley tal como la interprete la corte, a que se intente sacar la ley de su manifiesta esfera de acción con el fin de evitar tal resultado.... Se ha sostenido al aplicar la ley, que en ausencia de un estatuto que establezca la ocultación (*concealment*) como una excepción al estatuto de prescripción, las cortes no pueden crear tal excepción, no importa cuán rigurosa y poco equitativa resulte la aplicación del estatuto. Y las cortes no pueden crear una excepción cuando la acción no fué entablada dentro del tiempo por razón del acto de una persona que adrede impidió que se le emplazara.'' 17 R.C.L. 828.

''El hecho de que una persona con derecho a entablar una acción no tenga conocimiento de su derecho a demandar, o de los hechos de los cuales surge su derecho, no impide como regla general que corra el estatuto, ni pospone el comienzo del período de prescripción hasta que él descubra los hechos o llegue a conocer su derecho al amparo de éstos. Ni tampoco el mero silencio de la persona sujeta a la acción impide que corra el período prescriptivo. Para que pueda tener tal efecto, algo debe hacerse que impida el descubrimiento—algo que pueda decirse que equivale a una ocultación. Aun cuando puede ser que una persona no descubra los perjuicios por ella sufridos hasta cuando ya sea muy tarde para poder beneficiarse del remedio apropiado, se dice sin embargo que es ésta una de las molestias ocasionales, necesariamente incidentales a una ley que

870

arbitrariamente sujeta remedios legales a la eventualidad del mero lapso de tiempo. En consecuencia, aun cuando el daño total resultante de la negligencia de otro no haya sido conocido hasta cuando ya el derecho a recobrar había prescrito, sin embargo el tiempo durante el cual puede incoarse la acción no se prolonga por este motivo." 17 R.C.L. 831.

*Habiendo llegado a las anteriores conclusiones, se impone la desestimación del recurso por el segundo de los fundamentos alegados en la moción del demandado, o sea, por causa de frivolidad, y así debe decretarse.*