836

La Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico, demandante y apelada, *v.* Luis Miranda Cabrera, demandado y apelante.

Núm. 9779.—*Sometido:* Mayo 6, 1948. *Resuelto:* Mayo 25, 1948.

R. *Arjona Siaca* y *A. Figueroa Rivera,* abogados del apelante; *Luis E. Dubón* y *Otero Suro & Otero Suro,* abogados de la apelada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En el caso Civil Número 1329, sobre *injunction,* el Tribunal del Distrito Judicial de San Juan, en octubre 17 de 1946, dictó sentencia declarando con lugar la solicitud de injunction radicada por la Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico. En dicha sentencia se ordena al demandado que se abstenga por sí o a través de sus empleados u obreros de continuar la construcción de la edificación que dicho demandado estaba levantando en un solar propiedad de la demandante, en Hato Rey, Río Piedras y que proceda a la destrucción de todo cuanto ya lleva edificado. No estuvo conforme el demandado y en noviembre 4 de 1946 apeló para ante esta Corte Suprema. A solicitud del demandado apelante la corte inferior ordenó que se preparase la transcripción de la evidencia. En esa misma

fecha el demandado apelante notificó al taquígrafo y le pagó el importe de sus honorarios.

En abril 15 de 1947 el taquígrafo radicó ante la corte inferior una transcripción imperfecta y deficiente, haciendo constar en su certificación que la transcripción no contiene las notas taquigráficas correspondientes a la libreta núm. 19 por haberse ésta extraviado. Alegando que sin una transcripción completa no le sería posible hacer valer su derecho ante la Corte Suprema y que sería prácticamente imposible reconstruir los testimonios contenidos en la libreta extraviada, el demandado apelante solicitó del tribunal inferior que ordenase una investigación y tomase las medidas necesarias para que la libreta apareciera y pudiese ser transcrita e incluída en la transcripción. Ordenada la investigación fué practicada ésta por el Fiscal, con el resultado de que no fué posible localizar la libreta extraviada.

En septiembre 18 de 1947, el demandado radicó ante el tribunal inferior una moción solicitando la concesión de un nuevo juicio. Se opuso la demandante alegando que el tribunal inferior no tenía jurisdicción para dejar sin efecto su sentencia y ordenar un nuevo juicio, ya que esa jurisdicción la había perdido por virtud de la apelación interpuesta por el demandado. La moción fué vista y quedó sometida al tribunal inferior el día 29 de marzo de 1948, sin que hasta la fecha haya recaído resolución alguna sobre la misma.

El 19 de abril de 1948, el demandado apelante radicó ante esta Corte Suprema una moción en la que después de alegar los hechos anteriormente expuestos solicitó dejáramos sin efecto la sentencia recurrida y ordenáramos la celebración de un nuevo juicio. Dicha moción fué declarada sin lugar por resolución de 30 de abril de 1948.

Mediante moción radicada el día cuatro del mes en curso y notificada a la demandante apelada, el demandado apelante solicita la reconsideración de la resolución denegato-

ria del nuevo juicio. La súplica de dicha moción, enmendada por escrito de fecha 11 del corriente, notificada a la parte apelada, dice así:

"Súplica: Que se sirva reconsiderar su Resolución denegatoria y considerar de nuevo la solicitud, estimándola no como una moción de nuevo juicio sino como súplica de que esta Corte adopte la providencia que estime adecuada para que se haga justicia al demandado y apelante en la situación que expresa su referida moción, bien devolviendo el Tribunal apelado la jurisdicción en el asunto para resolver el incidente planteado, de acuerdo con la justicia que estime pertinente, o bien tomando cualquier otra medida acorde con la situación evidenciada por las alegaciones formuladas ante este Hon. Tribunal."

Después de considerar cuidadosamente los hechos que ya hemos expuesto, hemos llegado a la conclusión de que nuestra intervención en este estado del procedimiento no estaría justificada y sería en verdad prematura.

██ Ante el Tribunal del Distrito Judicial de San Juan está aún pendiente de resolución la moción de nuevo juicio radicada por el demandado apelante. Éste ha acudido ante nos bajo la errónea impresión de que la corte sentenciadora ha quedado privada de jurisdicción para conceder un nuevo juicio, desde el momento en que el demandado radicó su escrito de apelación. Examinemos la jurisprudencia.

En *Altuna* v. *Ortiz,* 11 D.P.R. 25, 30, y en *Aguayo* v. *García,* 11 D.P.R. 274, 285, este Tribunal, aplicando la jurisprudencia sentada por la Corte Suprema de California en *Naglee* v. *Spencer,* 60 Cal. 10, *Carpenter* v. *Williamson,* 25 Cal. 154, 168, y *Rayner* v. *Jones,* 90 Cal. 78, resolvió que la apelación interpuesta contra una sentencia final no suspende la jurisdicción de la corte sentenciadora para resolver una moción sobre nuevo juicio. Esa doctrina ha sido ratificada. posteriormente en *Martínez* v. *Independence Indemnity Co.,* 36 D.P.R. 860 y *Molina* v. *Rodríguez,* 63 D.P.R. 477.

Empero pudiera suceder que, aun cuando la corte inferior tiene jurisdicción para conocer de y resolver la moción de nuevo juicio, según acabamos de resolver, la misma

carezca de facultad para conceder el nuevo juicio solicitado si la moción no hubiese sido radicada dentro del término fijado por el artículo 223 del Código de Enjuiciamiento Civil.

Siendo la situación que nos presenta este caso similar a la prevista por la Regla 10(f) del Reglamento de este Tribunal en relación con el artículo 299 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 111 de mayo 5 de 1939 (pág. 575), llamamos la atención de la parte apelante hacia dichas disposiciones legales, en las cuales puede encontrar el remedio para la difícil situación en que las circunstancias le han colocado.

*La moción sobre reconsideración será declarada sin lugar.*

El Juez Asociado Sr. De Jesús no intervino.